UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x     Docket No: 1:14-cv-00203-RJA
SHANNON E. WHITE, an individual; on behalf of herself
and all others similarly situated,

                              Plaintiffs,

                   -against-                            **REPLY IN SUPPORT**

CAPITAL RECOVERY SOLUTIONS, LLC d/b/a NATIONAL
FINANCIAL SERVICES GROUP a/k/a CAPITAL SOLUTIONS
a/k/a CAPITAL LITIGATION a/k/a CAPITAL MEDIATION
a/k/a NATIONAL LITIGATION; UNITED COLLECTIONS
RECOVERY, LLC a/k/a UNITED CR; NATIONAL LANDMARK
SERVICES OF UNITED RECOVERY, LLC a/k/a LANDMARK
LEGAL; CREDITORS SOLUTION SERVICES, LLC; AMERICAN
CREDIT SERVICES, LLC a/k/a ACS GROUP; CHARLES LAMAR
LOCKWOOD III; SHAWN MICHAEL BURE; JEAN-PIERRE
CELLENT; LASHONE ELAM a/k/a LASHONE CALDWELL;
FRANK MCBRIDE; AMWAY FINANCIAL SERVICES GROUP, LLC;
CLL3 CONSULTING, LLC; OPEN COLLECT, LLC,

                              Defendants.
---------------------------------------------------------------x

**PRELIMINARY STATEMENT**

Defendants Capital Recovery Solutions, LLC ("CRS") d/b/a National Financial Services Group ("National"), United Collections Recovery, LLC ("UCR"), National Landmark Services of United Recovery, LLC ("Landmark"), Creditors Solution Services, LLC ("Creditors"), American Credit Services, LLC ("ACS"), Charles Lamar Lockwood III, Shawn Michael Bure, Jean-Pierre Cellent, Lashone Elam, Frank McBride, Amway Financial Services Group, LLC ("Amway"), CLL3 Consulting, LLC ("CLL3"), and Open Collect, LLC (collectively, "Defendants") jointly submit this Reply Memorandum of Law in further support of their motion pursuant to Section 3 and 4 of the Federal Arbitration Act ("FAA"),

9 U.S.C. § 3-4, to dismiss these proceedings and an order compelling Plaintiff Shannon E. White ("White" or "Plaintiff'") to pursue her claims against the Defendants through arbitration in her individual (not class representative) capacity.

## I. Plaintiff Concedes There is an Arbitration Agreement

Plaintiff admits that she signed a binding Agreement with lender OPD Solutions on November 29, 2012. *See* doc 16 p. 10 ("Plaintiff concedes executing an agreement with OPD Solutions containing an arbitration clause."); *see also* doc 17 p. 2 ("Specifically, with respect to the loan from OPD Solutions, before the loan was deposited in my bank account, I received in my email and then returned a written agreement on November 26, 2012."). Plaintiff further admits in her original Complaint, which she verified as true, that the loans Ms. White took out, were sold to, and assigned to Defendants.

> Among the lenders that provided Ms. White with loans upon submission of these applications were nonparties OPD Solutions, CP Investors, and Vince Enterprises. After she defaulted on those entities' loans, the entities sold the accounts to members of the Enterprise, which assigned Defendants Capital Recovery Solutions, United CR, Creditors, and Landmark to collect them.

*See* doc 1 p. 2.

Plaintiff then spends seventeen pages of her Complaint describing how "the Enterprise" of Defendants is interconnected and should be considered one in the same. *Id.* pp. 35-102. As stated above, Plaintiff also verifies and admits that the loans Defendants attempted to collect were sold by the original lenders to "members of the enterprise" which assigned the rights to collect to other Defendants who Plaintiff considers additional members of the enterprise. *Id.* p 2. Plaintiff now seeks a position that is inconsistent with her Complaint and argue that Defendants have no rights assigned to the loans -- despite Defendant Lockwood submitting a signed affidavit verifying the purchase of the loans -- and Plaintiff already verifying as true that the loans were sold to members

of the enterprise.

Defendants are not conceding that they should be considered an Enterprise. However, for purposes of this Motion, Plaintiff is constrained from alleging any facts inconsistent with her Complaint. Specifically, Plaintiff cannot dispute the ownership and assignment of the loans because she claimed in her Complaint that the loans were sold to and assigned to members of the Enterprise, which consists of the above named Defendants. "[A] party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." *Bellefonte Re. Ins. Co. v. Argonaut Ins. Co.* 757 F.2d 523, 528 (C.A.2 (N.Y.), 1985) citing *White v. Arco/Plymers, Inc.* 720 F.2d 1391, 1396 (5th Cir. 1983). Therefore, as Plaintiff has already asserted as fact that Defendants are the owners and assignees of the loans, Defendants are therefore entitled to arbitration.

The issues presented by Plaintiff are all physically intertwined with her admission that the OPD loan she took out contained an arbitration agreement and therefore, all of the issues should be decided by an arbitrator. Defendants' have provided evidence that the other two underlying loans Ms. White took out from Vince Enterprises and CP Investors provide nearly identical arbitration agreements as the one contained in OPD Solutions' contract. *See* doc 13 exhibits 5-7.

Defense counsel wants to note on the record that they find it extremely offensive for Plaintiff's counsel to so strongly suggest they submitted manufactured agreements. *See* doc. 17 ¶ 6 ("…it is surprising that they each appear to be essentially word for word identical to the document that I first provided to Defendants several weeks earlier…"). Pursuant to the Wrazen Declaration attached, Defendants first provided counselor with the exemplar contracts that were provided to this Court on July 3, 2014. Wrazen Decl. § 4. Plaintiff's counsel did not provide Mr. Wrazen with any discovery of his own until July 23, 2014. *Id* at § 7. The allegations of Plaintiff's counsel are

unsupported and have no value.

As already shown by Defendants, the loan agreements are substantially similar, as that was the general practice within the industry at the time the loans were taken out by Plaintiff. The fact that evidence Defendants presented is essentially word for word identical to what Plaintiff submitted, and admits, further proves the point that this was standard of the industry at that time. The exemplar contracts of OPD Solutions, Vince Enterprises and CP Investors provided by Defendants were contracts taken out and signed by other consumers at approximately the same date Ms. White took out her loans. The exemplar contracts give the Court a clear view of the standard practices of the lenders and the industry at the time Plaintiff contracted with the lenders for her own loans.

For the foregoing reasons, this Court should grant the present Motion. To the extent the Court requires further evidence, Defendant's request leave to engage in discovery limited to the issues of arbitration only. Specifically, discovery on the existence of an arbitration agreement and its application to these proceedings.

## II. Arbitration Should Encompass All 3 Underlying Loans

Defendants have provided exemplar contracts used by CP Investors and Vince Enterprises with virtually the same language used by OPD Solutions. Plaintiff claims to have no documentation regarding the terms and conditions of CP Investors, and only an account summary for Vince Enterprises. *See* Doc. 17 §§5-7, 9. Not only does this illustrate why this matter is ill suited for class action, but also Plaintiff's self-serving denials fail to overcome the evidence provided by Defendant. Defendants have provided all of the evidence of an arbitration agreement within the time frame, but believe further evidence could be obtained by deposing Plaintiff; investigating Plaintiff's computer; and sending subpoenas to nonparties.

Defendants have not engaged in discovery at this point to preserve their right to arbitration. The Second Circuit has held that "a party does waive this right when he engages in 'protracted litigation,' that results in prejudice to the opposing party." *Kramer v. Hammond*, 943 F.2d 176, 179 (2 Cir. 1991); quoting *Com-Tech Assoc. v. Computer Assoc.,* 938 F. 2d 1574, 1576 (2d Cir. 1991). Prejudice can be either substantive, "…or it can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay or expense." *Id. supra Com-Tech*. To avoid a waiver of their right to arbitrate each of the loans, Defendants have not engaged in any formal discovery and brought the present motion in a timely manner as to not prejudice any party. As such, if the Court finds that Defendants have not met its preponderance burden to prove the existence of underlying arbitration agreements in each of the agreements, Defendants request limited discovery on the basis of proving the existence of arbitration agreements.

   a. **Plaintiff is Now Denying that Normal Process is Followed and Without Discovery Defendant has No Chance to Refute These Assertions**

Defendants submitted evidence as to the standard business practices and processes used by all three lenders at the time Ms. White took out her loans. The exemplar contracts, furthered by the Lockwood affidavit, show the standard process by which the lenders provide loans to all consumers. Plaintiff has admitted that OPD Solutions followed these procedures but is now denying that CP Investors and Vince Enterprises failed to follow the same standard procedures. The parties are unable to verify these assertions because the evidence lies solely with Ms. White, on her computer and internet entrails, email providers, and with other non-parties. On July 3, 2014, Ms. White's counsel was asked to preserve all electronic evidence including but not limited to, all of her devices capable of communicating with the internet and sending and receiving email. Wrazen Decl. § 9. While these issues pose an evidentiary problem that would normally require limited discovery, all

5

White v. Capital Recovery Solutions et al
Reply in Support Of Arbitration

of the issues could be resolved in arbitration. This would also include the issue of illegality of the contracts that Plaintiff alleges. The Supreme Court in *Buckey Check Cashing, Inc. v. Cardegna* concluded that, the claim that a contract was void for illegality was to be determined by an arbitrator, not the court. 510 U.S. 440 (2006). That case was also regarding an allegedly usurious contract and the Court determined that even when the contract as a whole is void because of illegality, that the arbitration provisions were enforceable apart from the remainder of the contract. *Id*. at 446. It is undisputed that Ms. White signed and bound herself to the arbitration clause in her OPD Solutions loan. Despite Plaintiff's incorrect assertions, to ensure judicial efficiency would require a call for arbitration of all of the remaining claims. Plaintiff correctly cites to *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 854 (2d Cir. 1987) when claiming a "broad stay order" is appropriate "if the arbitrable claims predominate the lawsuit and the nonarbitrable claims are of questionable merit." *See* doc. 16 p. 10 FN. 4. However, as shown, all the claims in the instant matter should be submitted to arbitration.

Further, predominance should not be decided on the basis of the number of loans involved, but rather on the volume of evidence to be developed and presented. The detailed, convoluted issues presented in the Complaint are so intertwined that the nearly all the facts and evidence to be reviewed during arbitration of the OPD Solution loan cannot be extracted from the claims based on the other two loans. In fact, segregating the claims not only presents huge inefficiencies but also presents the possibility of inconsistent results. Accordingly, the arbitrable issues predominate and the Court should grant Defendants' motion to dismiss and compel arbitration.

### b. Defendants Have Provided Evidence in Place that Overcomes Their Evidentiary Burdens

Plaintiff makes unsupported assertions that the standard procedures used by the lenders were not followed. However, as stated above, Plaintiff has the evidence to substantiate that the lenders

followed their standard industry practices at the time Ms. White took out her loans. Plaintiff uses false logic and fails to produce any evidence as justification aside from bald assertions. Plaintiff had the ability to produce her email and account records from her bank, but failed to do so, and instead argues, with no evidence whatsoever, that the lenders placed money in Ms. White's account without her consent.

If these allegations were indeed true, Plaintiff had the ability to show proof and failed to do so. Plaintiff instead relies on recent lawsuits, and claims filed by regulatory agencies, to theorize that the standard practice of lenders is to place money in consumers' accounts in hopes that when contacted for repayment, the consumers will oblige. To date, these too are unproven allegations.

Plaintiff asked the Court to take judicial notice of a settlement from the California Commissioner of Business Oversight. The settlement agreement provides no admission of wrongdoing, or admission or denial of the factual allegations. *See* doc 18 Ex. D p. 5. Further, even if the Court were to take notice of this, the defendants in that matter settled alleged violations of unlicensed lending in the State, which have no connection to the present matter. The allegation of the original complaint which Plaintiff improperly relies on, states that CP Investors disbursed funds into consumers' accounts without providing the terms or authorization *in some instances*. *Id*. at Ex. A p. 2. (emphasis added). Even if taken in the best light for Plaintiff, these allegations at most infer that in the other instances of the issuances of the loans, the consumers did receive and agree to the terms and conditions, including the arbitration provisions. This allegation of the original complaint is an example of similar allegations as the present matter, but without any finding of fact. The settlement agreement makes no note of these activities. Moreover, Plaintiff's reliance on this case to support her allegations against Defendants show that she would make an inappropriate class representative, as Defendants are entitled to arbitration of the claims by those potential class

members who had entered into their agreements with the arbitration clause.

Plaintiff next relied on a Cease and Desist from the State of New Hampshire Banking Department. *See* doc 18 ex C. This order is based upon the claim of an unnamed debtor against Vince Enterprises. There is no evidence presented to support that Vince Enterprises did not follow proper procedure. Rather, an unnamed debtor blindly claimed that Vince Enterprises disbursed funds into an account without notice. Further, the subpoena to Vince Enterprises was returned unclaimed. This holds the same value as a default judgment and therefore, has no persuasive value.

Finally, in the string of cases Plaintiff references of *Webb v. Midland Credit Mgmt.,* No 11 C 5111, 2012 U.S. Dist. LEXIS 80006 (N.D. Ill. May 31, 2012); *Thomas v. Asset Acceptance, LLC*, No. 12 C 7360, 2012 U.S. Dist. LEXIS 121334, at *11 (N.D. Ill. Aug. 27, 2013); *Matute v. Main St. Acquisition Corp.*, Case No. 11-cv-62375-KMW, 2012 U.S. Dist. LEXIS 142589, at *5-7 (S.D. Fla. Oct. 2, 2012); and *Starr v. Hameroff Law Firm, P.C.*, No. Civ. 06-520 TUC FRZ (GEE), 2007 U.S. Dist. LEXIS 80923, at *6 (D. Ariz. Oct. 31, 2007); the Courts denied motions to compel arbitration because Defendant were unable to provide the entire chain of title to prove they were the owners of the debt and therefore, were not entitled to the arbitration clause. However, in the present matter as stated above, Plaintiff has verified and admitted that the lenders sold the debt to Defendants, who then assigned the debt to other Defendants for collection. This was furthered by Lockwood's affidavit claiming that he had personal knowledge of the sale of the debt and underlying contracts to Defendants. There is no dispute that Defendants here were the owners of the debts unlike the defendants in the above distinguished cases. As Plaintiff's verified Complaint argues this, Ms. White must be bound by her facts as alleged, and arbitration should be granted.

**c. Plaintiff's Arguments Prove Her Inability to be a Class Representative**

Defendants have submitted evidence that the standard contracts for CP Investors and Vince

Enterprises require arbitration of disputes with each and every individual borrower. To the extent that Ms. White claims that she received funds without going through the standard process of agreeing to the terms of the Contracts, including the Arbitration Clause present in every contract, she cannot be the representative of a class on claims involving either of those lenders. Her situation is unique from the purported class, which makes her ill-suited to be a representative. Plaintiff is requesting class certification under FRCP 23(b)(3). The Supreme Court has noted that to certify under Rule 23(b)(3) "the questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Wal-Mart Stores, Inc. v. Dukes*, 2011 U.S. LEXIS 4567, *26 (June 20, 2011).

Plaintiff's arguments show that her issues are uncommon to the purported class members. Allowing Plaintiff's individual situation to override the arbitration clause on a class basis is unfair to Defendants and does not garner judicial efficiency as they would be required to prove that each member of the class's situation is different than Plaintiff's. Requiring an individual inquiry of every potential class member as to whether they were in the minority of consumers who allegedly received funds without agreeing to arbitration, and not simply taking their blind assertions, but actually going through each member's documentation surrounding their loan, would predominate over the class issues. Plaintiff's opposition to the arbitration illustrates another reason why these claims are not appropriate for a class action. Plaintiff is not being prejudiced by requiring her to arbitrate her claim in her individual capacity, and in fact, it is the superior method for fairly and efficiently adjudicating this controversy. However, if this Honorable Court is inclined to bifurcate these proceedings on the basis of Plaintiff having a different type of loan procedure with each lender, then the claims that are not sent to arbitration should proceed solely on an individual basis,

as Plaintiff would make a poor class representative because her situation is not the norm, as Defendants are entitled to arbitration of claim by nearly all other potential class members, and as the standard agreements provide that all the other consumers have waived the ability to participate in a class action.

## Conclusion

As Defendants have clearly demonstrated, they are entitled to the benefits of the Agreements Ms. White signed and bound herself to. This includes the arbitration agreements of each of the loans. If the Court decides Defendants have not provided sufficient evidence to establish the existence of the contracts, Defendants request limited discovery on the limited basis of their existence, and any other further relief this Court deems just and proper.

Respectfully submitted this <u>7th</u> Day of November, 2014.

<u>/s/ David G. Peltan</u>
David G. Peltan, Esq.
PELTAN LAW, PLLC
Attorneys for Defendants
128 Church Street
East Aurora, NY 14052
(716) 374-5431
davidpeltan@peltanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2014 I served the foregoing electronically with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Plaintiff, Shannon White via her counsel of record –

    Matthew Parham
    Attorney for Plaintiff
    Western New York Law Center
    237 Main Street, Suite 1130

      Buffalo, New York 14203
      Attn: Matthew A. Parham, Esq.

And, I hereby certify that, to the best of my knowledge and information, there are no other participants on this case requiring service by any means.

          /s David G. Peltan
          David G. Peltan, Esq.
          Attorney for Defendants